Pido, Appellant, et al. *v.* First Slavish Roman Catholic Greek Rite Church of Clairton et al.

Argued October 8, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Thomas F. Garrahan,* with him *Gregory Zatkovich,* for appellant.

*Weil, Christy & Weil* and *Paul Barna,* for appellee, were not heard.

OPINION BY MR. JUSTICE FRAZER, November 25, 1929:

Plaintiffs, members of the First Slavish Roman Catholic Greek Rite Church of Clairton, hereinafter referred to as the First Slavish Church, filed a bill in equity against that congregation, joining as parties defendant the St. Nicholas Russian Greek Rite Church of Clairton, hereinafter referred to as St. Nicholas Church, and also its pastor and various officers and members, alleging defendants had conspired to fraudulently and illegally convey church property of the First Slavish Church to the St. Nicholas Church for a wholly inadequate consideration and asking that an injunction be granted declaring the transfer of the property null and void, ordering a reconveyance to the First Slavish Church, and restraining the pastor of St. Nicholas Church and his followers from holding services in the property in question and from interfering in any way in its management and control. A preliminary injunction was granted which, after hearing, was continued, the court filing an opinion to the effect that the action of

defendants was in violation of the rights of plaintiffs and the transfer of the church property was inequitable and its use by defendants contrary to the principles and form of worship of the Roman Catholic Church, to which denomination the First Slavish Church was a member.

A short time after that opinion was filed, counsel for defendants entered of record a stipulation in which they stated that no further hearing was desired and no appeal would be taken by them, but that they were willing to accept the decision of the court as final. Nothing further was done until four months later when defendants presented a petition for leave to answer, stating they had endeavored to arrange with plaintiffs to have the case finally disposed of on the basis of the findings and conclusions of the court but were not successful in so doing. They averred further that the principal matters complained of in the bill were no longer at issue, but that it was necessary for petitioners to answer owing to their inability to have the case otherwise disposed of and requested permission to do so. Pursuant to permission of court thus obtained, defendants filed an answer in which, after specifically replying to the various paragraphs of the bill, averred under the heading of "new matter" that defendants, pursuant to the opinion expressed by the court on the application for continuance of the preliminary injunction, had reconveyed the property to the First Slavish Congregation which had satisfied the purchase-money mortgage and returned to the St. Nicholas Church the consideration paid. That there was no longer any question of importance before the court for decision, and that plaintiff's bill should consequently be dismissed.

The court below accordingly dissolved the injunction and dismissed the bill stating that, in view of the reconveyance of the property, "the cause for the other requested relief......has now been obviated by said property conveyance." It is from the decree so entered the present appeal is taken.

Plaintiffs are dissatisfied with the action of the court below and claim it was not the sole purpose of the bill to procure a reconveyance of the property, but that further relief was asked for to which they are still entitled. Among other things they point out that an injunction should be issued restraining the pastor of St. Nicholas Church, who is not a Catholic priest, from performing services in the First Slavish Church, restraining the officers of the latter church from permitting any minister or priest, not of the Roman Catholic faith, from holding services therein; also restraining the officers of St. Nicholas Church from interfering in any way with the material or spiritual affairs of the First Slavish Church and restraining all defendants, who were former members of that church and who had seceded therefrom and conspired to divert its property, from in any way interfering with the affairs of such congregation.

While these would be material and substantial rights calling for the exercise of the powers of a court of equity in a proper case, it appears in the present case that all the acts complained of, such as holding of services in the church property contrary to the principles of the Roman Catholic Church and the diversion of the property to a purpose not in conformity with the doctrines of that religious denomination, were done after the conveyance was made to St. Nicholas Church and on the assumption that the conveyance was proper and legal. There is no evidence of an attempt on the part of defendants, since the reconveyance of the property, to continue to interfere with the affairs of the First Slavish congregation but, on the contrary, counsel for defendants, in their argument, expressly disclaim such intention, and the act of defendants in reconveying the property, pursuant to the opinion of the court below, in itself shows an intention not to further interfere in any way with the rights of plaintiffs or with the property belonging to their church. The original status of the church property and affairs has thus been restored as effectually as

it could have been done under express decree of court, and, in absence of evidence of an intent by defendants to further interfere or repeat their wrongful acts, there is no occasion for further action by the court.

So far as individual defendants are concerned, plaintiffs claim they forfeited all their rights and interests in the church and its affairs as well as their membership because of their acts in voting for the transfer of the church property. This contention raised a question of church rules and regulations governing its membership and is a matter which should be brought before the proper church authorities pursuant to whatever practice may be prescribed in its constitution and by-laws, or there should be proper cause shown why an application to the church itself would be without avail. Under all the circumstances, we are of opinion that the court below did not abuse its discretion in dismissing the bill on the ground that the acts of defendants, in voluntarily complying with the previous order of the court, had rendered further equitable relief unnecessary.

The decree is affirmed, costs to be paid by appellants.